IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COREY BROWN,

                Plaintiff,                OPINION AND ORDER

v.

                                              20-cv-046-wmc

CHOICE PRODUCTS, LLC,

                Defendant.

---

Plaintiff Corey Brown brings this action against his former employer, defendant Choice Products, LLC ("Choice Products"), for infringement of the whistleblower protections contained in the Food Safety Modernization Act ("FSMA"), 21 U.S.C. § 399d, *et seq*. The complaint alleges that defendant violated the FSMA by terminating plaintiff's employment after he raised concerns about potential food safety violations. Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that the complaint is time-barred. (Dkt. # 7.) For the reasons stated below, the court will deny the motion.[1]

---

[1] Also before the court is the parties' joint stipulation to amend the preliminary pretrial conference to extend the dispositive motion deadline to April 15, 2021. (Dkt. #19.) While the court will grant the motion, the parties should note that the schedule will not allow further extensions absent good cause shown.

BACKGROUND[2]

Choice Products is a commercial producer of food products, including cookie dough and garlic bread. Throughout the summer of 2016, Brown complained of sanitation issues at Choice Products. Acting in his capacity as an employee, these complaints included stopping production lines in response to the absence of a sanitation worker -- an act that Choice Products has described as "not an appropriate solution." (Banaszak Decl., Ex. C (dkt. #9-3) 3.)

On October 19, 2016, Brown made a formal complaint ("health and safety complaint") to the Occupational Health and Safety Administration ("OSHA"). Brown alleges this health and safety complaint describes "unsafe and unsanitary food manufacturing conditions." (Compl. (dkt. #1) ¶ 20.)[3] Brown also alleges having concerns over "sparking" food processing equipment in need of parts and repair, and he further

---

[2] In resolving a motion to dismiss under Rule 12(b)(6), the court accepts as true all well-pled factual allegations in the complaint viewed them in the light most favorable to the non-movant. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014); *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Where noted, the court also takes judicial notice of other documents attached to defendant's motion to dismiss if referenced in plaintiff's complaint and central to his claims. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). For purposes of the present motion, therefore, the court accepts as true the following facts.

[3] In its reply, defendant Choice Products asserts for the first time that this health and safety complaint was "devoid of any allegations related to food safety," implicating only worker-safety issues. (Def.'s Reply (dkt. #18) 2.) Curiously, despite disputing its content, defendant failed to provide a copy of the health and safety complaint, and so for purposes of defendant's pending motion to dismiss, the court must assume food safety issues were at least raised in the health and safety complaint.

alleges that he "called OSHA to report these unsafe and unsanitary food manufacturing conditions." (*Id.* ¶¶ 19-20.)

The week following Brown's October 19, 2016, health and safety complaint, OSHA inspected the facility, and Choice Products was assessed a fine of nearly $100,000. Based on the allegations in the complaint and records provided, the court is unable to discern if those fines pertained to worker-safety, food-safety, or both.

In addition, Brown shut down production lines on November 7 and again on Friday, November 11, 2016, both times allegedly over sanitation concerns. Brown was terminated the following Monday, November 14, 2016. On that same day, Brown authored a perfunctory OSHA retaliation complaint ("the original complaint"), which alleged generally "various safety concerns" at Choice Products, a "company mak[ing] food products," but without providing any specifics as to the nature of those concerns. (Banaszak Decl., Ex. A (dkt. #9-1).) The November 14, 2016, original complaint also alleges that Brown was fired for "reporting the safety concerns to OSHA[,]" and invoked the whistleblower protections of "11(c)," presumably referring to the Occupational Health and Safety Act of 1970, 29 U.S.C. § 660(c).

Following such a complaint, OSHA is required to provide Choice Products with a "determination" within 90 days, and Choice Products would then have an opportunity to respond with a position letter. 29 U.S.C. § 660(c). The contents of OSHA's "determination" following this original complaint, as well as Choice Product's response is

3

unclear on this record,[4] but Brown submitted an amended administrative complaint on February 5, 2018, which explicitly invoked the whistleblower protections of FSMA (rather than the Occupational Health and Safety Act previously invoked) and further detailed several food-safety concerns. On February 14, 2020, an OSHA investigator indicated that the FSMA retaliation complaint was "relevant to the timely filed [original] complaint." (Banaszak Decl., Ex. D (dkt. #9-4).)

OPINION

Defendant has moved to dismiss the action based on a statutory time bar. In relevant part, 21 U.S.C. § 399d(b)(1) provides that an FSMA complaint must be filed "not later than 180 days after the date on which the violation occurs." However, the instruction on the OSHA Whistleblower Investigations Manual also states that consistent with its "policy to permit the liberal amendment of complaints," once a timely complaint is filed, an amendment "must" be accepted "[i]f the amendment reasonably relates to the original complaint . . . provided that the investigation remains open." (Banaszak Decl., Ex. E (dkt. #9-5) 8.) Plaintiff has not alleged any amendments to the original retaliation complaint prior to the expiration of the 180-day period (in 2017). Thus, if plaintiff's amended administrative complaint does not "reasonably relate[] to" the original complaint, as defendant now asserts, the 2018 amendments are time-barred.

---

[4] A later response letter by Choice Products purports to incorporate a December 19, 2016, response letter by reference, but the response itself is not a part of the current record before the court. (Banaszak Decl., Ex. B (dkt. #9-2) 4.)

In response, plaintiff asserts that this time bar does not apply for two reasons: (1) plaintiff acted in reliance on OSHA instructions that the time bar would not apply once an investigation was initiated; and (2) the original complaint contained food-safety allegations. While the court is hard-pressed to find any merit in plaintiff's first argument, the second argument -- that the initial complaint, which was timely, adequately raises food-safety concerns -- has merit, and so, the court will confine its analysis to that argument.

In support of its assertion that plaintiff's amendment does not reasonably relate to his original, timely complaint, defendant directs the court to *Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 575 (7th Cir. 1998). In that case, the Seventh Circuit held allegations of *disability* discrimination did not relate back to a timely-filed complaint for *age* discrimination. In particular, defendant cites the *Fairchild* opinion in support if its argument that plaintiff should be prohibited from adding an "additional basis for legal liability," referring to plaintiff's substitution of the *FSMA* retaliation complaint for the general OSHA retaliation claim he initially filed.[5] *Fairchild*, 147 F.3d at 575. However, *Fairchild* limited an amendment to add "an entirely new theory of recovery" on the basis that the underlying *facts* were new, not because a different statute or legal claim was cited; thus, it does not so much bar the introduction of additional, statutory claims, as bar an entirely new set of facts to support that theory. *Id.* Indeed, the Seventh Circuit noted that "[h]ad Fairchild alleged facts that supported both [the original and amended] claims, we

---

[5] Because *Fairchild* involves an Equal Employment Opportunity Commission regulation that uses similar language to the OSHA manual now at issue, and because the plaintiff has not objected to defendant's reliance on this case, the court will assume, without deciding, that the reasoning in *Fairchild* is instructive under the present circumstances as well.

5

may be more sympathetic," citing to a Fifth Circuit case, which allowed a national origin claim to relate back to a sex discrimination claim based on shared facts. *Id.* (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 464 (5th Cir. 1970) (finding inconceivable that "a charging party's rights should be cut off merely because he fails to articulate correctly the legal conclusion emanating from his factual allegations")).

Similarly, this distinction between unrelated facts and legal theories has proved crucial to resolving cases where a party has been allowed to add an additional, substantive claim arguably independent of or minimally related to an original claim because a *factual nexus* exists between the two claims. *See, e.g.*, *Hernandez v. William Rainey Harper Coll.*, No. 10 C 2054, 2011 WL 5122698, at *11 (N.D. Ill. Oct. 27, 2011) (facts offered for a national origin claim support an amended racial discrimination claim); *Blanchard v. EdgeMark Fin. Corp.*, No. 94 C 1890, 2000 WL 1060827, at *1 (N.D. Ill. Aug. 2, 2000) (facts offered for an insider trading claim support an amended fraudulent omission claim).

Turning to the facts alleged in Brown's original retaliation complaint, plaintiff claimed he was terminated for "reporting the safety concerns to OSHA." (Banaszak Decl., Ex. A (dkt. #9-1).)  While the original complaint does not describe the specific "safety" concerns, Brown does describe his actions, including that he filed a "Health and Safety Complaint" with OSHA on October 19, 2016, *and* that he had raised "various safety concerns" to management during his employment. (*Id.*)  While defendant now asserts that all of those safety concerns addressed workplace safety, a reasonable inference can and, at least at the pleading stage, therefore, *must* be made that those complaints related to food safety as well.

6

In particular, plaintiff alleges in his complaint that his October 19, 2016, health and safety complaint described "unsafe and unsanitary food manufacturing conditions." (Compl. (dkt. #1) ¶ 20.) Defendant claims the opposite, asserting that complaint is "devoid of any allegations related to food safety issues." At this stage in the case, well-pleaded facts are taken as true. *Adams*, 742 F.3d at 728. Of course, "[i]t is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations," *N. Indiana Gun & Outdoor Shows, Inc.* v. City of S. Bend, 163 F.3d 449, 452 (7th Cir. 1998), but despite the parties' disagreement over the contents of the health and safety complaint, neither party has placed it into the record. Absent the complaint itself, plaintiff's allegation as to the scope of the original, general OSHA complaint will prevail at the pleading stage. Regardless, on this record, it is at least as reasonable to construe plaintiff's complaint filed with OSHA on November 19, 2016, regarding "various safety concerns" at a "company making food products" to encompass concerns about food safety, as it is concerns about worker safety.

Moreover, the present, limited record strongly supports plaintiff's characterization of the document -- or, at minimum, supports a reasonable inference that his voiced safety concerns involved food safety -- for at least two reasons. First, an OSHA investigator concluded that the original retaliation complaint related to the FSMA retaliation complaint, leading to an inference that the original complaint must have touched on food safety. While other explanations are possible, such as the defendant's apparent implication that the OSHA investigator may be mistaken as to the operation of the law, a moving party does not benefit from such inferences in a motion to dismiss. *Santiago*, 599 F.3d at 756.

7

Second, it is equally reasonable to infer that a complaint involving malfunctioning food processing equipment "relates to" food safety. For example, sharp edges or crush points may result in worker injuries -- which might in turn lead to the contamination of food. Arcing may result in electrocution or burns for workers -- and might also indicate wire insulation gnawed by rodents or misconfigured controllers. At an absolute minimum, dangerous equipment may deter employees from cleaning, taking temperature measurements, or otherwise properly preparing food. Plaintiff's FSMA retaliation complaint provides another such example: defeating safety interlocks on a conveyer, "causing it to be r[u]n improperly with the rest of the equipment" (Banaszak Decl., Ex. B (dkt. #9-2) 4), clearly implicates worker-safety, but also raises concerns that the improperly run food may itself be unsafe. Regardless, when afforded all reasonable inferences at the pleading stage, plaintiff easily clears *Twombly's* plausibility bar. 550 U.S. at 555.

Whether plaintiff *subjectively* intended to complain about food safety or worker safety (or equally likely, both) is not the relevant question, nor necessarily is even defendant's *subjective* understanding of the scope of the charge. As the Seventh Circuit explained in *Fairchild*, the "filing requirement ensures that the employer has adequate notice of the charges and promotes conciliation at the administrative level." 147 F.3d at 575. While plaintiff may be faulted for a lack of specificity, the answer is "no" for all the reasons already staged. Perhaps on a more fulsome record, defendant can convince the court otherwise, but at the pleading stage, the court concludes that plaintiff has adequately alleged that the original administrative complaint provided notice to an objectively

reasonable employer that his termination was motivated at least in part by his complaints related to food safety. Accordingly, the court will deny defendant's motion to dismiss.

ORDER

IT IS ORDERED that:

1) Defendant Choice Products USA, LLC's motion to dismiss (dkt. #7) is DENIED.

2) The parties' joint stipulation to amend preliminary pretrial conference order (dkt. #19) is GRANTED. The dispositive motion deadline is extended to April 15, 2021.

Entered this 26th day of February, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge