IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

COREY BROWN,

               Plaintiff,                        OPINION AND ORDER

    v.

                                                 20-cv-046-wmc

CHOICE PRODUCTS USA, LLC,

               Defendant.

Plaintiff Corey Brown asserts a retaliation claim under the Food Safety Modernization Act ("FSMA"), 21 U.S.C. § 399d, against his former employer defendant Choice Products USA, LLC. This case is set for a jury trial, commencing December 6, 2021. In advance of the final pretrial conference scheduled for November 23, 2021, the court issues the following opinion and order on the parties' motions *in limine*.

OPINION

I. **Plaintiff's Motion *in Limine* (dkt. #66)**

Plaintiff seeks to exclude all evidence regarding his criminal records on the basis that they do not meet the standard for admission under Federal Rule of Evidence 609(a) and they would be unduly prejudicial under Rule 403. Likely in recognition of its merit, defendant did not respond to the motion. As such, the motion is GRANTED AS UNOPPOSED.

II. **Defendant's Motions *in Limine* (dkt. #61)**

Defendant filed three motions *in limine*, none of which plaintiff opposed. Nevertheless, the court will briefly address each in turn.

### A. MIL No. 1: Prohibit plaintiff from seeking unsubstantiated compensatory damages

In this motion, defendant notes that under the anti-retaliation provision of the FSMA, Brown may seek backpay damages, preliminary reinstatement, compensatory damages, costs and attorney's fees.  However, Brown has only provided evidence as to his claim for backpay and attorney's fees.  Thus, defendant seeks an order excluding him from seeking any other form of compensatory damages, including damage to his reputation and career or for emotional distress.  As plaintiff has not opposed this motion, it, too, is GRANTED.  The court notes that because backpay is an equitable remedy, *see Equal Emp. Opportunity Comm'n v. Costco Wholesale Corp.*, 903 F.3d 618, 629 (7th Cir. 2018), and the court awards attorney's fees and costs, there will be no need for a damages phase of the jury trial.

### B. MIL No. 2:  Bar plaintiff from seeking punitive damages

Defendant also seeks an order barring plaintiff from pursuing an award of punitive damages on the basis that the FSMA's anti-retaliation provision does not allow for such an award, citing 21 C.F.R. § 1987(c) in support.  Defendant also argues that plaintiff failed to detail his request for punitive damages in his initial and supplemental disclosures.  The court is skeptical that Rule 26(a)(1)(A)(iii) applies to punitive damages, especially in light of plaintiff's reference to punitive damages in his complaint, and the regulation defendant cites as precluding an award of punitive damages does not exist.  Even so, plaintiff neither opposed this motion, nor proposed any language for an award of punitive damages in his proposed jury instructions.  As such, this motion is also GRANTED AS UNOPPOSED.

**C. MIL No. 3: Exclude evidence related to the 2019 OSHA Inspection**

Finally, defendant seeks an order excluding references to a 2019 OSHA inspection, post-dating by three years the events at issue in this lawsuit. Brown does not oppose this motion, and the court agrees that any probative value of this inspection would be outweighed by unfair prejudice. Accordingly, this motion is GRANTED AS UNOPPOSED.

ORDER

IT IS ORDERED that:

1) Plaintiff Corey P. Brown's motion *in limine* (dkt. #66) is GRANTED AS UNOPPOSED.

2) Defendant Choice Products USA, LLC's motions *in limine* (dkt. #61) are GRANTED AS UNOPPOSED.

Entered this 19th day of November, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge